FILED

MAR - 1 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS BUTLER O'NEAL,

    Plaintiff,                    No. CIV S-02-1824 LKK KJM P

    vs.

J. PRICE, et al.,                ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendant Price, a correctional counselor, failed to process his transfer to a level III institution and he suffered heart and blood pressure problems while he remained in the "punitive conditions" at California State Prison, Sacramento.

        On June 18, 2003, defendant Price filed a motion to dismiss on two grounds, that plaintiff has "struck out" within the meaning of the Prison Litigation Reform Act (PLRA), and that he is a vexatious litigant within the meaning of Local Rule 65.1-151(b) and California Code of Civil Procedure § 391.1.

        In Findings and Recommendations filed February 17, 2004, the undersigned recommended that this action be dismissed, based on a finding that plaintiff had "struck out." The district court adopted these findings and recommendations on March 3, 2004. On June 7,

1

1 | 2005, Court of Appeals entered a judgment, vacating the district court's order and remanding for
2 | consideration of the motion in light of Andrews v. King, 398 F.3d 1113 (9th Cir. 2005).
3 | Defendant has filed additional information in support of his original motion to dismiss, including
4 | court documents on three of plaintiff's prior cases. Plaintiff has filed a supplemental opposition.

On July 11 and August 29, 2005 plaintiff filed motions for the appointment of counsel.

1. "Three Strikes" Under the PRLA

The "three strikes" provision of the PLRA empowers a court to deny in forma pauperis status to a litigant who does not qualify for the "imminent danger" exception of the act and who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

When defendants challenge a plaintiff's in forma pauperis status, they bear the initial burden of production:

> [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim." . . . [T]he defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine because it was "frivolous, malicious or fail[ed] to state a claim."

Andrews, 398 F.3d at 1120.

Once defendants have met this initial burden, it becomes the prisoner's burden to explain why a prior dismissal should not count as a strike. It is his "ultimate burden" to persuade the court that § 1915(g) does not apply. Id.

2

In the supplement to his motion to dismiss, defendant has presented documents from three of plaintiff's prior cases. In O'Neal v. Schelage, Civ. No. 94-4594 (C.D. Cal.), petitioner filed a civil rights action against Health and Human Services Secretary Donna Schelage, alleging the defendant had upheld an erroneous denial of retroactive benefits. Additional Factual Support (Support), Ex. A (Complaint). The district court used a form to deny plaintiff leave to proceed in forma pauperis, checking a number of reasons for the denial, including "sovereign immunity as to United States and/or federal agency as to Soc. Sec. Adm." The court also noted that the United States had not consented to suit and there was "no ground of error stated for review under 42 U.S.C. § 405 (g)." Id. (Form Order). This dismissal constitutes a strike. Neitzke, 490 U.S. at 327.

In O'Neal v. California State Prison, Civ. No. 00-8418 (C.D. Cal.), the court again denied plaintiff's request to proceed in forma pauperis with his civil rights action on the ground that the action, based on a deprivation of property, failed to state a claim. Support, Ex. B. This, too, is a strike. Neitzke, 490 U.S. at 327.

Finally, in O'Neal v. Parriott, Civ. No. 99-08370 (C.D. Cal.), the magistrate judge issued an order on April 18, 2001, dismissing plaintiff's second amended complaint for failure to state a claim, but giving him leave to file a third amended complaint. Def't's Original Motion to Dismiss filed June 18, 2003 (MTD), Ex. D. In his supplemental filing, defendant has provided a copy of the district court's order of December 11, 2001, in this case, adopting the magistrate judge's Report and Recommendation and dismissing the case with prejudice. Support, Ex. C. Defendant has not provided the Report and Recommendation of November 5, 2001 on which the order was based, which hampers this court's ability to determine whether the disposition of this case renders it a strike. See MTD, Ex. C (docket for O'Neal v. Parriott, Nos. 57, 58 (Notice of Filing of and Report & Recommendation)).

In the interests of judicial economy, the undersigned takes judicial notice of the actual Report and Recommendation in O'Neal v. Parriott, Civ. No. 99-08370, which is attached

3

to these findings and recommendations. United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980) (a court may take judicial notice of court records in another case).[1] In the case, the magistrate judge recommended that the action be dismissed with prejudice because plaintiff had failed "in four attempts, to state a substantive claim for the alleged deprivation of his medicine in 1999. . . . Plaintiff should not be given a fifth chance to cure the deficiencies." Report and Recommendation at 8. The district judge adopted this report, which found that the complaint had failed to state a claim. Accordingly, this dismissal constitutes plaintiff's third strike.

Plaintiff has not disputed defendant's description of his litigation history.

In light of the foregoing, the court declines to address defendant's attempt to have plaintiff declared a vexatious litigant.

If the district court adopts the recommendation herein and finds plaintiff be denied leave to proceed in forma pauperis under the "three-strikes" provision of 28 U.S.C. § 1915(g), the undersigned recommends that plaintiff should not be allowed to pay the filing fee in order for this matter to proceed. Proper procedure calls for dismissal of the complaint without prejudice because the filing fee must be paid at the initiation of the lawsuit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

II. Motions For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court

---

[1] Providing the actual report properly is part of defendant's meeting his burden; the court has located the relevant document only to forestall further proceedings on defendant's affirmative defense of exhaustion.

4

does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

IT IS HEREBY ORDERED that plaintiff's July 11 and August 29, 2005 motions for the appointment of counsel are denied.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss the case on the ground that plaintiff has "struck out" be granted, and that this case be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
oneal1824.57

```
                          FILED
                CLERK, U.S DISTRICT COURT

                     NOV - 5 2001

                CENTRAL DISTRICT OF CALIFORNIA
                BY                    DEPUTY
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LOUIS BUTLER O'NEAL,

        CASE NO. CV 99-08370-RMT(RZ)

    Plaintiff,

vs.        NOTICE OF FILING OF MAGISTRATE JUDGE'S
        REPORT AND RECOMMENDATION AND THE LODGING
        OF PROPOSED JUDGMENT AND/OR ORDER

B. PARRIOTT, et al.,

    Defendant.

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

TO: All Parties of Record

Louis Butler O'Neal        Conrad Schroeder
D-47829        Deputy Attorney General
CSP Sacramento        300 S. Spring St., Room 5212
P.O. Box 29-0066        Los Angeles, CA 90013
Represa, CA 95671-0066

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on November 1, 2001, copies of which are attached.

Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than November 28, 2001, file and serve a written statement of objections with points and authorities in support thereof before the Honorable RALPH ZAREFSKY, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon the lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Court Judge.

The Report and Recommendation of a Magistrate Judge is not a final appealable order. A Notice of Appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

Dated: November 5, 2001        CLERK, UNITED STATES DISTRICT COURT

        By /s/ Stacey Hamilton
        Stacey Hamilton
        Deputy Clerk

Attachments

M-51(6/98)    NOTICE OF FILING MAGISTRATE JUDGE'S REPORT AND
        RECOMMENDATION AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER

ENTER ON ICMS
NOV - 5
58

```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                         NOV - 1 2001

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BUTLER O'NEAL,<br><br>    Plaintiff,<br><br>vs.<br><br>B. PARRIOTT, et al.,<br><br>    Defendants. | CASE NO. CV 99-08370 RMT (RZ)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636 and Local Rule 194 of the United States District Court for the Central District of California, the undersigned submits this Report and Recommendation to the Honorable Robert M. Takasugi, United States District Judge. The undersigned recommends that the Court dismiss the action with prejudice pursuant to FED. R. CIV. P. 12(b)(6), because Plaintiff states no claim against the Defendants for which relief can be granted, and cannot amend to do so.

I.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Louis Butler O'Neal, an inmate at the California Correctional Institute in Tehachapi, filed a Complaint for Damages under 42 U.S.C. § 1983 on August 17, 1999. The complaint named as Defendants Sergeant B. Parriott, Medical

1 Technical Assistant Foster, and Correctional Officers Salter and Robles, in both their
2 individual and official capacities. Also named were Cal Terhune, Director of the
3 California Department of Corrections, and Tom Carey, Warden of Tehachapi. The
4 plaintiff claimed that on July 15, 1999, Defendants denied him adequate medical care in
5 violation of the Eighth Amendment to the United States Constitution by seizing and
6 destroying authorized prescribed medications. He also claimed that he was threatened
7 with retaliation. By Order filed October 1, 1999, the Court, after screening the case
8 pursuant to 28 U.S.C. § 1915A, ruled that Plaintiff's action may proceed only against
9 Parriott, Salter, Robles and Foster, and only in their individual capacities.

10 On July 7, 2000, the undersigned granted the remaining defendants' motion
11 to dismiss the initial complaint, with leave to amend, due to various pleading deficiencies.
12 Plaintiff filed a First Amended Complaint in August, 2000. Citing similar pleading flaws,
13 the undersigned again granted Defendants' motion to dismiss on March 7, 2001.
14 Remaining pleading shortcomings in Plaintiff's Second Amended Complaint, filed on
15 March 23, 2001, prompted the undersigned to dismiss it *sua sponte* on April 18, 2001.

16 Plaintiff filed the Third Amended Complaint on May 11, 2001, asserting a
17 claim of deliberate indifference to medical needs, but no claim of retaliation as he asserted
18 previously. Defendants have moved to dismiss with prejudice pursuant to Federal Rule
19 of Civil Procedure 12(b)(6). Plaintiff did not file an opposition.

20
21 II.
22 DISCUSSION
23 Dismissal for failure to state a claim is appropriate where it appears beyond
24 doubt that the plaintiff can prove no set of facts in support of his claim which would entitle
25 him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). On review of a complaint on
26 a Rule 12(b)(6) motion, the Court is to accept all factual allegations as true, and draw all
27 reasonable inferences in favor of the plaintiff, even if contrary inferences are possible.
28 *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Nonetheless, the Court is not

compelled to credit gross conclusions. *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Vague, generalized, or conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *citing Ivey*, 673 F.2d at 268. The plaintiff must allege specific facts, not merely conclusions, that show that *each* of the defendants named in the complaint was personally involved in the deprivation of his civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999); *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), *cert. denied*, 512 U.S. 1219 (1994).

### A. Plaintiff Has Not Exhausted Available Administrative Remedies.

Before a prisoner may proceed with a civil rights action, he ordinarily must exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 956 (2001). The California Department of Corrections (CDC) has a three-tiered administrative grievance procedure, but Plaintiff has not alleged that he has pursued any remedies through that procedure, let alone exhausted them. Moreover, he currently could not amend to allege exhaustion: Defendants attach to their dismissal motion an affidavit indicating that Plaintiff has filed no third-level appeal, the final step that would be required for an inmate to exhaust such remedies. (Dismissal Motion, Ex. A.)

Accordingly, Plaintiff's action cannot proceed due to his failure to exhaust administrative remedies. Such a failure would often lead the Court to dismiss an action without prejudice. However, as discussed in section B below, the Court has given Plaintiff four opportunities to state a proper claim for relief, but he has been unable to do so. Under these circumstances it is clear that, even if the matter had been exhausted administratively, it could not be pursued here. Therefore, the action should be dismissed with prejudice.

///
///
///

### B. Plaintiff Has Not Adequately Alleged A Deliberate Indifference Claim.

The only claim Plaintiff asserts in the Third Amended Complaint is deliberate indifference to his medical needs. The medical treatment that an inmate receives is subject to scrutiny under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). As with all Eighth Amendment claims, a prisoner bringing a medical claim pursuant to 42 U.S.C. § 1983 must show two elements. First, the prisoner must demonstrate that the deprivation suffered was objectively sufficiently serious to invoke the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). Second, the prisoner must establish that the prison official(s) had culpable intent in allowing the deprivation. *Farmer*, 511 U.S. at 834. Prison officials act with the requisite intent when they act with "deliberate indifference" to the inmate's suffering. *Id.*

#### 1. Plaintiff Fails To Allege An Objectively Sufficiently Serious Deprivation.

A deprivation is objectively sufficiently serious if it denies the inmate the "minimal civilized measures of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Within the context of medical treatment for prison inmates, the deprivation is sufficiently serious only if the inmate has a "serious" medical need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller* 104 F.3d 1133 (9th Cir. 1997). A medical need is serious if failure to treat an inmate's condition could result in "further significant injury" or "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104; *McGuckin*, 974 F.2d at 1059. However, mere delay in treatment, without a showing of harm, does not constitute a sufficiently serious deprivation of medical care. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *McGuckin*, 974 F.2d at 1060. Hence, an inmate must allege facts showing either that he suffered actual harm, *id.*, or that he presently faces a substantial health risk that may ripen into actual harm. *See Farmer*, 511 U.S. at 845. While the

1 | "routine discomfort" that attends incarceration is not sufficiently serious, a showing of
2 | "significant" or "substantial" harm is not required. *McGuckin*, 974 F.2d at 1059-60 &
3 | n.12.
4 | In the Third Amended Complaint ("TAC"), Plaintiff alleges that Defendants
5 | on one occasion confiscated and destroyed "his prescribed medicines." (TAC at 6.)
6 | Plaintiff does not allege the purpose of this medication, whether it was life-sustaining or
7 | otherwise of great importance to his ongoing health, or even that it was prescribed by a
8 | physician. The term "prescribed medicines" could include a vast pharmacopeia, ranging
9 | from critical cardiac, diabetes and other life-sustaining medicines at one extreme, to wart
10 | remover, athlete's foot treatment, and fashionable herbal supplements at another.
11 | Plaintiff's vague allegations fail to show a loss of Eighth Amendment significance. (The
12 | Third Amended Complaint also may be somewhat internally contradictory in describing
13 | Plaintiff's lost medicines and whether they were truly "prescribed" in the usual sense of
14 | the term. Plaintiff uses the specific term "prescribed" only once in describing his lost
15 | medicines, without alleging who prescribed which medicines for what ailments. By
16 | contrast, however, he repeatedly describes Defendants' actions in much more generic
17 | terms as depriving him of "an inmate patient quality treatment by Doctor's Health care
18 | formula . . . & plan [sic]" (TAC at 6), alleging that their actions "resulted into [sic] the
19 | absence of a uniform standard of quality medical care." (TAC at 3.))
20 | The Third Amended Complaint also is bereft of allegations describing just
21 | what bodily harm or discomfort, if any, befell Plaintiff due to the confiscation. All that
22 | he alleges is that Defendants "were aware of an excessive risk to plaintiff['s] health and
23 | safety in July 1999, and none-the-less disregarded that risk." Plaintiff refers to *Boretti v.*
24 | *Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1990), in which the Sixth Circuit held that
25 | allegations that a prison nurse refused to bandage plaintiff's gunshot wound and to provide
26 | prescribed pain medication – despite her knowledge that treatment and medicine were
27 | medically necessary and appropriate – were sufficient to withstand a Rule 12(b)(6) motion.
28 | The next words in the Third Amended Complaint are, "Plaintiff [is] demonstrating an

actual injury for mental anguish, shock and pain and suffering." But nowhere in the Third Amended Complaint does Plaintiff allege, as Boretti alleged, just what events, such as a gunshot wound, or preexisting medical conditions *caused* his need for medication in the first place. Absent a prior physical injury, an inmate cannot bring a civil rights action for mental or emotional suffering. 42 U.S.C. § 1997e(e). The physical injury must be more than *de minimus*. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (inmate's bruised ear insufficient to satisfy physical injury requirement); *Sogbandi v. Sherman*, No. 00-2315 CRB (PR), slip op., 2001 WL 1180711 (N.D. Cal. Sept. 28, 2001) (*following Siglar*) (cut foot insufficient to satisfy requirement); *Placensia v. California*, 29 F. Supp. 2d 1145, 1151 (C.D. Cal. 1998) (weight loss insufficient). Plaintiff, who has alleged no bodily injury or physical harm whatsoever, has not adequately alleged a sufficiently serious deprivation.

### 2. Plaintiff Has Not Adequately Alleged Defendants' Indifference.

An official acts with deliberate indifference only if he is aware of an excessive risk to the plaintiff's health and safety and nonetheless disregards that risk. *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995), *cert. denied*, 516 U.S. 916 (1995). The official must be aware of the facts from which an inference could be drawn that such a risk exists, draw that inference, and nonetheless fail to take reasonable measures to abate it. *Id.* While a prison guard may be guilty of deliberate indifference if he intentionally interferes with treatment prescribed by a doctor, *Estelle*, 429 U.S. at 104-05, it is not enough to show mere negligence. *Farmer*, 511 U.S. at 835. Thus, a prison official who is negligent — even grossly negligent — in facilitating an inmate's treatment will not be found to have violated the Eighth Amendment. *Wood*, 900 F.2d at 1334. To the extent that an inmate seeks injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, deliberate indifference is determined in light of the attitudes and conduct of prison authorities at the time plaintiff's suit is brought and thereafter. *Farmer*, 511 U.S. at 845.

1  Here, Plaintiff makes the conclusory and circular allegation that Defendants
2  "showed a deliberate indifference when they deliberate[ly] disregarded the serious medical
3  needs of plaintiff by all four of them together performed by their conscience, aware of acts,
4  and they went ahead on with a total destruction of all of plaintiff medicine [sic]." (TAC
5  at 5.) Elsewhere Plaintiff alleges that Defendants behaved with "recklessness in a
6  criminal-law sense, requiring actual knowledge of the impending harm in July 1999."
7  (TAC at 4.) Nowhere in this complaint, however, does Plaintiff allege facts in support of
8  this conclusory language. He offers no description of conduct or speech, either his own
9  or Defendants', that suggests Defendants *would have been aware* that depriving Plaintiff
10 of his medication would create an excessive risk to his health or safety. Plaintiff must
11 allege, not mere boilerplate conclusions or ultimate facts, but background facts that
12 demonstrate Defendants' *actual knowledge* of his medical needs. Without such factual
13 allegations, Plaintiff has at most stated a claim of negligence, which does not amount to
14 an Eighth Amendment violation.

### C. More Specific Pleading Required.

In addition to the defects identified in section A. and B. above, Plaintiff does not provide allegations "specific enough to give [D]efendants notice of the *particular* misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiff would have done well to have noted the directions on page 5 of the Civil Rights Complaint Form: "Be certain to describe ... exactly what each DEFENDANT (by name) did to violate your right." At the same time, a plaintiff must set forth his claims in short and plain terms, and each factual allegation must be "simple, concise and direct." FED. R. CIV. P. 8(e)(1). In sum, the Third Amended Complaint is not simple, short and sufficiently factually specific as required by Rule 8.

-7-

## III.

## CONCLUSION

Plaintiff has failed to exhaust administrative remedies as required. If this were the only apparent shortcoming, then the undersigned would likely recommend dismissing this action without prejudice to Plaintiff's filing another action after exhausting such remedies. However, Plaintiff has also failed, in four attempts, to state a substantive claim for the alleged deprivation of his medicine in 1999. Although a *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment, *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), under the circumstances, Plaintiff should not be given a fifth chance to cure the deficiencies. *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal with prejudice of civil rights plaintiff's Fourth Amended Complaint for repeated failures to correct noted pleading shortcomings). Therefore, the Complaint should be dismissed without leave to amend.

Accordingly, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing the action with prejudice.

DATED: November __1__, 2001

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 8 -

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BUTLER O'NEAL,<br><br>    Plaintiff,<br><br>vs.<br><br>B. PARRIOTT, et al.,<br><br>    Defendants. | CASE NO. CV 99-08370 RMT (RZ)<br><br>JUDGMENT |

Pursuant to the Court's Order dismissing the Complaint as to all of the Defendants with prejudice,

IT IS ADJUDGED that the above-captioned action is dismissed with prejudice.

DATED:

```
                                    ROBERT M. TAKASUGI
                                    UNITED STATES DISTRICT JUDGE
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BUTLER O'NEAL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>B. PARRIOTT, et al.,<br><br>　　　　　Defendants. | CASE NO. CV 99-08370 RMT (RZ)<br><br>ORDER (1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND (2) DISMISSING PLAINTIFF'S COMPLAINT |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has read and considered the Complaint, the United States Magistrate Judge's Report and Recommendation, all of the records and files herein, and has reviewed de novo any matters as to which Plaintiff has filed objections.

IT IS ORDERED that (1) the Court accepts and adopts the Report and Recommendation of the Magistrate, (2) the Complaint is dismissed with prejudice, and (3) judgment be entered dismissing the action with prejudice.

DATED:

　　　　　　　　　　　　　　　　　　　　　ROBERT M. TAKASUGI
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE